IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TESS HOLLIS ANDRIATTI,

                Petitioner,

v.

SHERIFF JOE CHAPMAN and
JUDGE K. WYNNE,

                Respondents.

1:14-cv-875-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] ("R&R"). The R&R considers Petitioner Tess Hollis Andriatti's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Petition"). The Magistrate Judge recommended that the Petition be dismissed for Petitioner's failure to exhaust state court remedies. Also pending before the Court is Petitioner's "Motion for Default Judgment as to Joe Chapman [6] ("Motion for Default").

## I.    BACKGROUND

On March 26, 2014, Petitioner, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, filed her Petition pursuant to 28 U.S.C. § 2241. Petitioner contends she is "imprisoned against her will" for "illegal"

charges.  (Petition at 1).  Petitioner asserts she was denied bond for "a victimless crime" and that she is being denied her federal and state constitutional rights and denied due process.  (Id.)  Petitioner also asserts that the State of Georgia lacks "in personum [sic] "jurisdiction" to prosecute her because she is a woman.  (Id.)  Petitioner seeks release from imprisonment and the expungement of her criminal record.  (Id. at 2).

On April 1, 2014, the Magistrate Judge recommended that the Petition be dismissed with prejudice.  The Magistrate Judge noted that Petitioner raised the same claims in an earlier habeas proceeding (13-cv-4031), and recommended dismissing this case for the same reasons set forth in the Magistrate Judge's prior Report and Recommendation, specifically Petitioner's failure to exhaust her state court remedies.  The Magistrate Judge further recommended that a certificate of appealability ("COA") be denied because Petitioner failed to meet the standard set forth in Slack v. McDaniel, 29 U.S. 473 (2000).

Petitioner did not object to the Magistrate Judge's R&R.  On June 16, 2014, Petitioner filed her Motion for Default Judgment.

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### A.   Analysis

#### 1.   Habeas Petition

The Magistrate Judge recommended dismissing the Petition for Petitioner's failure to exhaust her state court remedies. Petitioner did not object to the Magistrate Judge's finding that she has not sought state habeas corpus relief, and that she still has state court remedies available to her.[1] Petitioner must exhaust her

---

[1]   A detainee in Georgia may seek a writ of habeas corpus to challenge the

3

state court remedies before the Court can grant federal habeas.  See 28 U.S.C. § 2254(b)(1)(A); Ali v. State of Fla., 777 F.2d 1489, 1490 (11th Cir. 1985) (affirming dismissal of federal habeas petition "[b]ecause it is clear that the state is asserting exhaustion as a defense, and because it is clear that [the petitioner] did not exhaust available state remedies").  The Court finds no plain error in the Magistrate Judge's finding that Petitioner did not exhaust her state court remedies. See Slay, 714 F.2d at 1095.

    The Magistrate Judge recommended that the Petition be dismissed with prejudice.  (R&R at 3).  Because Petitioner is entitled to seek federal habeas review after she exhausts her state court remedies, the Court, rather than dismissing the Petition with prejudice as recommended in the R&R, will dismiss the Petition without prejudice.  See 28 U.S.C. § 636(b)(1); see also, e.g., Gilbert v. Sec'y Dep't of Corr., 447 F. App'x 60, 61 (11th Cir. 2011) (when a prisoner raises unexhausted claims in a federal habeas petition the district court should dismiss the petition without prejudice).

---

legality of her confinement.  See O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint.").  Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas relief.  See O.C.G.A. § 5-6-34(a)(7).

2.     Certificate of Appealabilty

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000).

The Magistrate Judge recommended that a COA not be issued, finding that Petitioner failed to meet the standard set forth in Slack. It is not debatable that the Petition should be dismissed for Petitioner's failed to exhaust her state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Ali, 777 F.2d at 1490. The Court finds no plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.[2]

---

[2]     Petitioner's Motion for Default Judgment is also required to be denied. Petitioner does not explain why she is entitled to default judgment. The Court assumes that Petitioner seeks a default judgment based upon Joe Chapman's failure to respond to her Petition. The Court notes that, having determined that the Petition must be dismissed for Petitioner's failure to exhaust her state court remedies, Chapman is not obligated to respond, and default judgment is not warranted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3], except the Court **MODIFIES** its recommendation regarding disposition, and Petitioner's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Default Judgment as to Joe Chapman [6] is **DENIED**.

**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE